## DOAN BUILDERS INC v HALLOCK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11249. Decided Dec. 22, 1930

Fishman and Levine, Cleveland, for Doan Builders.

Rogers and Larca, Cleveland, for Hallock.

MIDDLETON, PJ, MAUCK·and BLOSSER, JJ. (4th Dist) sitting.

MAUCK, J.

Lawrence Hallock brought his action in the Municipal Court of the City of Lakewood to recover damages sustained by the burning of his personal property. He claimed that the chattels were stored in a barn and that the barn took fire from another fire that the defendant Doan Builders, Incorporated, had negligently built and maintained on the adjoining property. He recovered a judgment in the Municipal Court, and it is now sought to reverse that judgment.

There is no question that the defendant was negligent as charged.

The sole question is whether or not the negligence in building and maintaining the fire on the adjoining lot was the proximate cause of the burning of the barn. The evidence tends to show that the defendant built a fire in the basement, the building over which had been torn down, and that in starting the fire it had no license so to do as required by the Municipal ordinance.

The evidence further tends to show that the defendant had two guards working about the fire but that in spite of their efforts the fire had so escaped as to result in two, three or four independent fires on the outside of the basement, but on the same lot. One of these incidental fires was on the rear of the lot and within a few feet of the barn. While there is no evidence directly showing the passing of fire or sparks from the lot on which it was begun to the barn, the fact that the fire did escape from the basement and started an independent blaze at the rear of the lot, is some evidence that it further escaped and ignited the barn itself. The probability of this is enhanced by the fact that it was a dry day and the wind was blowing toward the barn. The probabilities of the case were with the plaintiff. We not only had enough case to avoid a non-suit, but enough evidence to sustain the verdict.

Middleton, PJ, and Blosser, J, concur.